UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2025
NOVEMBER 16, 2026 SESSION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 2:26-cr-00136

18 U.S.C. § 666(a)(1)(A)
18 U.S.C. § 1344
18 U.S.C. § 2
18 U.S.C. § 1001(a)(2)

DAVID KEITH COLE

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000

or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-001167, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT TWO**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000337, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT THREE**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000716, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

## COUNT FOUR

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000832, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT FIVE**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000907, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT SIX**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-001403, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT SEVEN**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Kanawha County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Kanawha County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000879, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2

**COUNT EIGHT**

On or about March 28, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Boone County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Boone County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000067, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT NINE**

On or about June 6, 2025, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, Mark A. Hunt, named here but not indicted, being an agent of a State government or any agency thereof, that is, the elected West Virginia State Auditor and ex officio State Commissioner of Delinquent and Nonentered Lands, and being aided and abetted by defendant DAVID KEITH COLE, Frederic Scott Caudill, and Robert Lisle Johns, named here but not indicted, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of any person other than the rightful owner and intentionally misapplied, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, and control of such government or agency, that is, Mark A. Hunt knowingly and unlawfully executed and caused to be recorded in the official records of the County Commission of Boone County, West Virginia, a quit claim tax deed to Business Entity 1, a West Virginia business known to the Grand Jury, for certain real estate associated with Boone County, West Virginia, Sheriff's Office Delinquent Real Property Tax Certification Number 2022-C-000185, and where the government or agency, that is, the West Virginia State Auditor's Office, received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant,

contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

In violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**COUNT TEN**

At all times relevant to this Indictment:

1. Bank 1 was a bank insured by the Federal Deposit Insurance Corporation and was a financial institution, as defined by 18 U.S.C. § 20.

2. Bank 1 was the State of West Virginia's primary designated state depository.

3. All state employee payroll payments were paid from an account held by Bank 1.

4. The West Virginia State Auditor's Office was an executive agency of the State of West Virginia, headquartered at the State Capitol, Room W-100, 1900 Kanawha Boulevard East, Charleston, Kanawha County, West Virginia.

5. The West Virginia State Auditor's Office was led by the State Auditor, a position created by the West Virginia Constitution.

6. Mark A. Hunt was the State Auditor.

7. Employees of the West Virginia State Auditor's Office were public employees and were paid through a payroll process that resulted in their receiving funds held by Bank 1 on behalf of the State Treasury.

8. Mark A. Hunt was an attorney and sole member of Mark A. Hunt & Associates, PLLC, a law firm located at 2524 Kanawha Boulevard East, Charleston, Kanawha County, West Virginia.

9. Defendant DAVID KEITH COLE was the office manager for Mark A. Hunt & Associates, PLLC.

10. Defendant DAVID KEITH COLE also worked full-time as Deputy Chief of Staff for Mark A. Hunt at the West Virginia State Auditor's Office.

11. Marie Ann Hoffmann, named here but not indicted, worked as a paralegal at Mark A. Hunt & Associates, PLLC.

12. Marie Ann Hoffmann also worked full-time as a tax clerk in a call center within the Land Division of the West Virginia State Auditor's Office.

13. Defendant DAVID KEITH COLE was Marie Ann Hoffmann's supervisor at Mark A. Hunt & Associates, PLLC.

14. Defendant DAVID KEITH COLE approved Marie Ann Hoffmann's timecard at the West Virginia State Auditor's Office, despite her working under the supervision of a different manager.

## The Scheme to Defraud

15. Beginning on or about May 5, 2025, and continuing through at least on or about September 29, 2026, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant DAVID KEITH COLE, Mark A. Hunt, and Marie Ann Hoffmann, aided and abetted by one another, knowingly executed and attempted to execute a scheme to defraud Bank 1, with the intent to deceive Bank 1, and with the intent to obtain money owned by and under the custody and control of Bank 1, by means of

materially false and fraudulent pretenses, representations, and promises.

**Manner and Means for Carrying Out the Scheme**

16. It was a part of the scheme that defendant DAVID KEITH COLE managed and approved Marie Ann Hoffmann's time while she worked at the West Virginia State Auditor's Office, despite her working in a division managed by another supervisor.

17. It was further a part of the scheme that defendant DAVID KEITH COLE, Mark A. Hunt, and Marie Ann Hoffmann maintained employment at Mark A. Hunt & Associates, PLLC, while also holding full-time employment at the West Virginia State Auditor's Office.

18. It was further a part of the scheme that defendant DAVID KEITH COLE directed Marie Ann Hoffmann to leave her duty station at the West Virginia State Auditor's Office each Friday afternoon to perform paralegal and administrative work at Mark A. Hunt & Associates, PLLC.

19. It was further a part of the scheme that defendant DAVID KEITH COLE, Mark A. Hunt, and Marie Ann Hoffmann frequently worked together at Mark A. Hunt & Associates, PLLC, on Fridays during state business hours.

20. It was further a part of the scheme that Marie Ann Hoffmann did not take any accumulated leave time from the West Virginia State Auditor's Office to work at Mark A. Hunt &

Associates, PLLC, on Friday afternoons and that she was paid her regular state wages while working at the law firm.

21. It was further a part of the scheme that defendant DAVID KEITH COLE and Mark A. Hunt knew that Marie Ann Hoffmann was being paid by the West Virginia State Auditor's Office while working on Friday afternoons at Mark A. Hunt & Associates, PLLC, during state business hours.

22. It was further a part of the scheme that Marie Ann Hoffmann and defendant DAVID KEITH COLE validated and approved false employee timecards relating to Marie Ann Hoffmann's employment at the West Virginia State Auditor's Office.

23. It was further a part of the scheme that Marie Ann Hoffmann and defendant DAVID KEITH COLE expected the false timecards to be processed through normal payroll procedures so that Marie Ann Hoffmann would receive compensation from the State Treasury, by and through Bank 1, for work that she did not perform for the State Auditor's Office.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT ELEVEN

1. On or about October 6, 2026, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant DAVID KEITH COLE did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency within the executive branch of the Government of the United States, in that defendant DAVID KEITH COLE, in response to questions posed to him, made statements to a Special Agent of the FBI, as follows:

Questioner: Has Mr. Hunt ever signed any deeds that you're aware of?

DEFENDANT: There's been a few. Okay. There's been a few over the years. And, and, and just if something gets generated manually.

Questioner: Any idea when that would've been?

DEFENDANT: Um, guys, I don't know. I would have to look. I don't know.

* * *

Questioner: But what would the circumstances be where that [Mark Hunt signing deeds] would occur?

DEFENDANT: **I don't, I don't really recall.** I don't believe there's been any this year. I think we had a few last year. **I don't know if it was a situation where Ms. Perry was out. I, I can't remember guys.** We, without going, you have to understand, there are some months where I might look at three or four hundred deeds a month.

* * *

Questioner: So any of these deeds, um, that were signed by Mr. Hunt, do you remember anybody within the office expressing concern that, "Hey, this is out of process. I don't feel good about this?" Anything like that?

DEFENDANT: **I mean, I don't remember. I mean, we, we don't really, we don't really handle those types of things like, like in a round table discussion type thing.** I mean, at the end of the day, he is the commissioner of the, of, you know, [C.P.] just does it as an appointee of him. uh, Mr. Hunt is the commissioner. I mean, he can sign it all. I mean, his name is on the checks. I mean, he can sign is all.

Questioner: I was just curious. Yeah, if you don't recall?

DEFENDANT: **I really don't recall. I mean, I just, I just don't even, I don't know.** I'd have to go back and, and, and have to recreate whatever.

* * *

Questioner: Who approves Ms. Hoffman's time at the auditor's office?

DEFENDANT: Me.

Questioner: You do?

DEFENDANT: Me.

* * *

Questioner: Are you familiar with [Marie Ann Hoffmann's] salary?

DEFENDANT: I think she's like maybe 50,000, maybe 51,000, something like that.

Questioner: Do you know how that compares to the other two that do the same job?

DEFENDANT: I think one is in the high thirties and one is in the mid thirties. Maybe.

Questioner: Do you know why that there would be a $20,000 . . . Is she a supervisor?

DEFENDANT: She is, she's the supervisor of the call center. She's the one that in the call center that would be training them, training the newbies. And she's the one that they would go to in the event of any questions that they might have. Because like I said earlier, they're in their own self-contained little world, uh, down in what I call the lower level the Capitol.

Questioner: And did they [the other call center employees] also report to you?

DEFENDANT: They, they do not.

Questioner: Who do they report to?

DEFENDANT: Their timekeeper would be [C.P.].

Questioner: Okay. Any reason why?

DEFENDANT: **We just divide stuff up. We just try to divide and conquer that way, you know, no one of us or have a, a big volume of stuff.**

* * *

Questioner: If [Marie Ann Hoffmann] went to the law firm between the hours of 8:30 to 4:30, and worked at the law firm, would that be appropriate?

DEFENDANT: No.

Questioner: And would you have approved that?

DEFENDANT: **No.**

2. The statements concerning his lack of knowledge or lack of memory of the circumstances surrounding Mark A. Hunt signing

quit claim tax deeds, the reasons why he was the timekeeper for Marie Ann Hoffmann at the State Auditor's Office, and his denial of ever approving Marie Ann Hoffmann's working at Mark A. Hunt & Associates, PLLC, ("law firm") during her regular work shift at the State Auditor's Office without taking approved leave were false, as defendant DAVID KEITH COLE then and there well knew that he had participated in meetings with State Auditor Office staff to discuss Mark A. Hunt's desire to issue, post-deadline, tax deeds to Business Entity 1 over the staff's objections, took over the role of timekeeper for Marie Hoffman because the head of the State Auditor's Office Land Division refused to sign off on Marie Ann Hoffmann's timecards because of her working at the law firm during state business hours without taking leave, and that he had personally directed Marie Ann Hoffmann to work at the law firm during regular state business hours without taking leave.

In violation of Title 18, United States Code, Section 1001(a)(2).

**NOTICE OF FORFEITURE**

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 982(a)(2), 982(a)(3), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure.

Pursuant to 18 U.S.C. §§ 982(a)(2), 982(a)(3), 28 U.S.C. § 2461 and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction of an offense in violation of 18 U.S.C. § 666(a)(1)(A) or 18 U.S.C. § 1344 and as set forth in the Indictment, defendant DAVID COLE shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

The property to be forfeited includes, but is not limited to, a money judgment in the amount constituting the proceeds of the violations set forth in this Indictment.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(a)(2), 982(a)(3) and 28 U.S.C. § 2461.

MOORE CAPITO
United States Attorney

By: ______________________________
JONATHAN T. STORAGE
Assistant United States Attorney